540 So.2d 589 (1989)
Encarnita PRADO
v.
Anthony J. GOLEMI and Russell Doussan.
No. 88-CA-682.
Court of Appeal of Louisiana, Fifth Circuit.
March 15, 1989.
William W. Miles, Lemann, O'Hara & Miles, New Orleans, for plaintiff/appellant.
Brian P. Charboneau, Middleberg, Riddle & Gianna, New Orleans, Ronald L. Merlino, Metairie, for defendants/appellees.
Before GRISBAUM, WICKER and GOTHARD, JJ.
GOTHARD, Judge.
This is a suit for a real estate commission brought by Encarnita Prado against Anthony Golemi and Russell Doussan. Defendants filed exceptions of no cause or right of action and failure to join an indispensable party, namely, plaintiff's sponsoring broker, Latter & Blum Inc. Realtors. The exceptions were maintained, and this appeal followed.
Plaintiff was a real estate sales associate with Latter & Blum Inc. Realtors. Acting in that capacity, plaintiff assisted defendant Doussan in locating an ongoing business for him to purchase in early 1986. On July 26, 1986, plaintiff learned that defendant Golemi was interested in selling a dry cleaning establishment. Plaintiff introduced the two defendants and sometime later found out that a sale of the business was concluded between them. This suit *590 followed on November 2, 1987, in which plaintiff claimed that she was the procuring agent in this sale and, therefore, entitled to a ten percent commission of the total transaction price whatever it was.
Defendants denied that they had incurred either an express or implied contractual obligation to plaintiff to pay her a commission. In support of their exception of no right of action, defendants introduced the testimony of Richard Stone, the Vice President of the Commercial Division of Latter & Blum Inc. Realtors in charge of overseeing the commercial activities of the office. He testified that plaintiff was a sales associate and real estate broker exclusively affiliated with Latter & Blum, whose employment contract with the agency limited her to receive commissions from the agency, and not from the buyer or seller. Mr. Stone explained that any commissions were required to be made payable to Latter & Blum Inc. Realtors, which then shared the commission with the agent, depending on the situation. Also, until Latter & Blum Inc. Realtors earned the commission, a sales associate was not entitled to any real estate commission. Mr. Stone further testified that he was not aware of any brokerage agreement for the purchase and selling of a business or real estate with Mr. Golemi and Mr. Doussan.
The matter was submitted and on July 7, 1988, judgment was rendered in favor of the defendants on their filed exceptions. Plaintiff was further denied leave to join Latter & Blum Inc. Realtors in the proceedings. It is from this judgment that plaintiff presently appeals and assigns two issues for our review:
(1) Whether the plaintiff's petition for damages stated a cause or right of action upon which relief could be granted?
(2) Whether the absence of Latter & Blum as party plaintiff from the original filing so impaired the proceeding as to bar relief to the individual plaintiff, and if so, whether plaintiff should be granted leave to join Latter & Blum to these proceedings.
In order for a real estate broker to have a legally enforceable right to compensation, not only must a valid brokerage agreement exist between the broker and the principal (here the defendants), but the contract must have been made with reference to the specific transaction under which the broker claims a commission. Creely v. Leisure Living, Inc., 437 So.2d 816 (La.1983); Woods Realty, Inc. v. Brimberry Trust, 521 So.2d 810 (La.App. Cir.2 1988). In addition, the principal must execute the brokerage contract with a licensed broker, as opposed to a salesman or associate broker who is affiliated with and sponsored by another broker. La.R.S. 37:1446 provides that:
[a]ssociate brokers or salesmen shall not accept a commission or valuable consideration for the performance of any act herein specified from any person, except their sponsoring broker.
Furthermore, the real estate broker who is without proof of an express or implied oral or written brokerage agreement, is not entitled to recovery even on a quantum meruit basis. If no brokerage agreement exists, not even a broker who has successfully procured a ready and able purchaser can recover a commission. Woods Realty, Inc. v. Brimberry Trust, supra; Wagner & Truax Co. v. Barnett Enterprises, 447 So. 2d 1255 (La.App. 4th Cir.1984).
In the instant case, the trial court dismissed plaintiff's action after finding that plaintiff had not established in her pleadings the existence of a valid brokerage agreement either as between defendants and herself or as between defendants and Latter & Blum Inc. Realtors. He further refused her request to join Latter & Blum Inc. Realtors as a party plaintiff in these proceedings for the same reason.
After a review of the record, we find no manifest error in the trial court's judgment. Plaintiff is precluded by law from urging her claim for a commission personally against the defendants. Latter & Blum Inc. Realtors would have been the only entity entitled to enforce rights to receive any outstanding commission due in the sale executed between the defendants. However, there being no existing brokerage agreement, the company elected not to *591 pursue any action for a commission, apparently in recognition that without a brokerage agreement either express or implied it had no enforceable rights to a commission. The deficiency in the case is therefore one of substance which could not be cured by the joinder of Latter and Blum Inc. Realtors in plaintiff's action for damages against defendants.
For the reasons assigned, the judgment of the trial court is affirmed.
AFFIRMED.